**UNITED STATES of America**

v.

**Negii COFFEE II, Appellant.**

**No. 07–2470.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Sept. 22, 2008.

Opinion Filed: Sept. 30, 2008.

Eric Pfisterer, Office of United States Attorney, Harrisburg, PA, for United States of America.

Herbert McDuffy, Jr., Esq., Media, PA, for Appellant.

Before: BARRY, AMBRO and GARTH, Circuit Judges.

## OPINION

BARRY, Circuit Judge.

Negii Coffee II challenges as unreasonable a sentence of 100 months imposed upon him after pleading guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). We will affirm.

Coffee pled guilty on August 23, 2006 to one count of being a felon (he was previously convicted in Pennsylvania state court of possessing cocaine with intent to distribute) in possession of a firearm, namely, a loaded Ruger nine-millimeter handgun.[1] He argued in his sentencing memoranda that the probation department erred in the pre-sentence investigation report by including "numerous" petty offenses, which he characterized as "more or less fines," when it calculated his criminal history.

He also argued for a downward departure on the ground that the mother of three of his nine children has serious medical issues and that, as a result, his assistance is needed to take care of the children and their mother.

The District Judge held a sentencing hearing on May 3, 2007. Following argument, the Judge found that the probation department's assignment of four criminal history points for Coffee's prior convictions for failing to file earned income tax returns, criminal mischief/harassment and theft/simple assault/conspiracy, was warranted. After granting Coffee a three-level reduction for his acceptance of responsibility, the Judge adopted the findings of the pre-sentence investigation report and its offense level of 25, criminal history category of V, and sentencing guidelines range of 100 to 125 months. Because the statutory maximum sentence for the crime to which Coffee pled guilty was ten years, however, the guidelines range became 100 to 120 months.

Coffee called three witnesses in support of his motion for a downward departure—the mother of the three children, a clinical social worker, and a clinical therapist. The mother testified that she needed Coffee to help her conduct day-to-day activities and to assist in rearing their children. The two professionals concurred, testifying that Coffee played a positive role in the children's and their mother's lives. After considering this testimony, the Judge denied the motion for a downward departure and sentenced Coffee to a term of imprisonment of 100 months.

Coffee argues that his sentence is unreasonable because the District Judge "includ[ed] petty offenses in calculating the

---

1. Because Coffee only challenges his sentence, we need not discuss the facts surrounding the crime to which he pled guilty.

sentence" and because the Judge "did not fully consider the defendant's family hardships and medical conditions when determining his sentence." (Appellant's Br. 7.)[2] We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1). We review sentences for procedural error and for substantive reasonableness under an abuse of discretion standard. *See United States v. Hoffecker,* 530 F.3d 137, 196 (3d Cir.2008). If there was no procedural error and if the sentence "falls within the broad range of possible sentences that can be considered reasonable in light of the § 3553(a) factors, we must affirm." *United States v. Wise,* 515 F.3d 207, 217 (3d Cir.2008).

▮ Under U.S.S.G. § 4A1.1(c), a defendant's criminal history computation shall include one point for each of certain misdemeanor and petty offenses resulting in sentences of less than 60 days, up to a maximum of four points. Section 4A1.2(c) lists generally the types of offenses that shall be included and those that shall not be included under section 4A1.1(c). Coffee argued at the sentencing hearing that the convictions that were included in the computation "are not reflective of the matter before the court," that "[t]hey're summary," and that to include them "would not be reflective of the nature of his crimes." (App. at 57.) The District Judge did not err in determining that those convictions were properly included. The fact that the convictions were of a different nature than the crime to which Coffee pled guilty, and that they were "summary" in nature, is not violative of any requirement in section 4A1.1(c). Moreover, the Judge noted that the four points "put the defen-

dant at the top of category 5, and that even if two of the three points were excluded he would still be in [criminal history] category 5." (*Id.* at 83.) Indeed, Coffee had been convicted of an additional three crimes that could have been assigned points under section 4A1.1(c) but were not because he had already been assigned the maximum allowable number of points—four.

Coffee's second argument—that his sentence is unreasonable because the District Judge failed to account for his extraordinary family circumstances—also fails. After hearing evidence from three witnesses who testified that Coffee was needed in the lives of three of his children and their mother, the Judge stated that he was "not unsympathetic or unmindful of the delicate nature of the problems facing this family unit, but I don't believe that Mr. Coffee has been providing the sustenance and assistance that you [counsel] suggest he has provided or would like to provide." (*Id.* at 78.) Indeed, Coffee had been in prison for the preceding two years and had been a fugitive before then. Moreover, as the Judge found, "[i]t appears as though the defendant has four additional children since the children that he had with [the testifying mother]. So clearly he has not been a stay at home father" despite the arguments that had been made. (*Id.* at 76.)[3]

▮ The District Judge committed no procedural error and the sentence imposed was substantively reasonable. We will affirm the judgment of sentence.

---

**2.** Coffee does not argue on appeal that his motion for a downward departure was wrongly denied, and the argument section of his brief on appeal totals less than three pages.

**3.** The pre-sentence investigation report reflects, and Coffee does not dispute, that he has nine children by six women.